IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                              Case no. 00-6277-CR

ERIC McKINNEY,
    Defendant.
_____/

## Motion To Have Statutory Maximum Sentence Set At 10 Years (Not 20 Years)

**COMES NOW** Defendant Eric McKinney, by and through his undersigned counsel, and for his Motion states:

1.    Defendant McKinney is charged with 8 U.S.C. § 1326 (alien after being deported, returning to U.S. without U.S. Attorney General's permission). The government has taken the position that because Mr. McKinney was an "aggravated felon", the statutory maximum penalty for his current offense is 20 years, and not the 10 year maximum for "non-aggravated felons".

2.    However, for reasons set forth below, Defendant McKinney argues that the 10-year maximum should apply to him.

3.    Attached for the convenience of the Court is the Notice to Appear dated 6/3/97, in his deportation hearing. This Notice is in effect the immigration "indictment". Also attached is the Order of Immigration Judge McHugh dated 12/16/97, which is based on the 6/3/97 Notice to Appear.

4. Although the Notice at items 6-10 alleges a multitude of convictions (at p. 3), the INS charged that Defendant McKinney is subject to removal under the Immigration and Naturalization Act ("INA") § 212(a)(2)(A)(i)(I) (conviction of crime of moral turpitude) and § 212(a)(2)(A)(i)(II) (controlled substance offense).

5. The Service did not charge Mr. McKinney as an "aggravated felon", nor did Judge McHugh order him removed as an aggravated felon.

6. INA § 237(a)(2)(A)(iii) states that any alien who is convicted of an aggravated felony at any time <u>after</u> <u>admission</u> is deportable. The enclosed 6/3/97 Notice designates Mr. McKinney as an "arriving alien". An <u>arriving alien is a person who has not been admitted into the U.S.</u>

7. INA § 276(b)(2) (copy enclosed) states that an alien whose removal was subsequent to conviction for a commission of an aggravated felony shall be in prison for not more than 20 years. The term "aggravated felony" is an immigration term. However, the <u>immigration judge</u> here certainly did not find that Mr. McKinney was <u>convicted</u> of an aggravated felony, nor did the judge find that Mr. McKinney <u>committed</u> an aggravated felony. The <u>INS</u> did not allege that Mr. McKinney either committed or was convicted of an aggravated felony.

8. The term "aggravated felony" is defined at INA § 101(a)(43) (copy of this section is attached for the Court's review). While some of the crimes that Mr. McKinney was alleged to have committed in the Notice are aggravated felonies,

and the INS in its own internal memorandum of investigation designated Mr. McKinney as an aggravated felon (copy attached), neither the immigration judge nor the Service alleged that Mr. McKinney committed or was convicted of an aggravated felony.

9. As a result, he cannot now be deemed to be an "aggravated felon". Therefore, the 10-year maximum should apply.

**WHEREFORE**, Defendant McKinney prays that this Court will grant his MOTION TO HAVE STATUTORY MAXIMUM SENTENCE SET AT 10 YEARS (NOT 20 YEARS).

Respectfully submitted,

*Michael Hursey*
Michael Hursey, Esq.
Counsel for Defendant McKinney
305 South Andrews Ave., Suite 800
Ft. Lauderdale, FL 33301
Telephone: 954-779-1880
Facsimile: 954-779-7980

### CERTIFICATE OF SERVICE

I certify that a true copy of this Motion was furnished by U.S. Mail to Robin Rosenbaum, Esq., United States Attorney's Office, 500 E. Broward Blvd., Ft. Lauderdale, FL, 33301 this 16th day of February, 2001.

*Michael Hursey*
Michael Hursey
Fla. Bar No. 457698

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

In removal proceedings under section 240 of the Immigration and Nationality Act

*Not deported or ordered removed as agg felon* (handwritten)

File No: A72 845 104

In the Matter of:

Respondent: Eric McKINNEY

Century C.I., P.O. Box 248
Century                                              FL    32535            904/256-2600
(Number, street, city, state and ZIP code)                          (Area code and phone number)

☒ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
" See Attached Continuation Page"

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of crime involving moral turpitude (other than a purely political offense).

Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who admits having committed, or admits committing acts which constitute the essential elements of, a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 10? of the Controlled Substances Act [21 U.S.C. 802]).

"See Attached Continuation Page"

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: a time and place to be determined.

on _____ at _____ (Complete Address of Immigration Court, Including Room Number, if any) to show why you should not be removed from the United States based on the
      (Date)     (Time)
charge(s) set forth above.

Eileen Carey / Assist. District Director-Inv.
(Signature and Title of Issuing Officer)

Date: 06/03/97                                                   Miami, Florida
                                                                 (City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97)

ee reverse for important informa

Warning: Any statement you make may be used against you in removal proceedings.

Alien Registration: This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

Representation: If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

Conduct of the hearing: At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

Failure to appear: You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____ (Signature and Title of INS Officer)

(Signature of Respondent)

Date: 10/21/97

### Certificate of Service

This Notice to Appear was served on the respondent by me on 6-28-97 (Date), in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[X] in person   [ ] by certified mail, return receipt requested   [ ] by regular mail

[X] Attached is a list of organizations and attorneys which provide free legal services.

[X] The alien was provided oral notice in the ___English___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

(Signature of Respondent if Personally Se)

ERVED BY CERTIFIED MAIL RECEIPT # 306-227

U.S. Department of Justice
Immigration and Naturalization Service                               Continuation Page for Form I-862

| Alien's Name Eric McKINNEY | File Number A72 845 104 | Date 06/03/97 |
|---|---|---|

ALLEGATIONS:

1. You are not a native or citizen of the United States;

2. You are a native and citizen of the Bahamas;

3. You were paroled into the U.S. at Ft. Lauderdale, FL on 06/24/93 until 07/08/93;

4. You have not adjusted your status to that of a Lawful Permanent Resident;

5. You are ineligible for admission to the United States because the consular or immigration officer has reason to believe that you are or have been an illicit trafficker of a controlled substance, or were or have been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking of a controlled substance, to wit: Cocaine;

6. You are ineligible for admission to the United States because you were, on 10/24/94, convicted in the 17th Judicial Circuit Court in and for Broward County, Florida, for Delivery of Cocaine and Carrying Concealed Firearm, in violation of Florida Statutes 893.03(2)(a)4 and 790.01(2), Case # 93-107CFA, and sentenced to Twenty-Eight (28) months imprisonment to be served concurrently with Case # 95-19135CF;

7. You are ineligible for admission to the United States because you were, on 10/24/94, convicted in the 17th Judicial Circuit Court in and for Broward County, Florida, for Possession of Cocaine and Tampering With Evidence, in violation of Florida Statutes 893.03(2)(a)4 and 918.13(1)(a), Case #94-13872CF10A, and sentenced to Twenty-Eight (28) months imprisonment to be served concurrently with Case #'s 93-10070C10 and 95-19135CF10;

8. You are ineligible for admission to the United States because you were, on 10/24/94, convicted in the 17th Judicial Circuit Court in and for Broward County, Florida, for Escape, in violation of Florida Statute 944.40, Case # 94-12924C10A, and sentenced Twenty-Eight (28) months imprisonment to be served concurrently with Case #'s 95-20063CF10 and 94-13872CF10;

9. You are ineligible for admission to the United States because you were, on 12/13/95, convicted in the 17th Judicial Circuit Court in and for Broward County, Florida, for Delivery of Cocaine and Possession of Cocaine in violation of Florida Statute 893.03(2)(a)4, Case # 95-19135CF10, and sentenced to Twenty-Eight (28) months imprisonment;

10. You are inelgible for admission to the United States because you wer, on 12/10/95, convicted in the 17th Judicial Circuit Court in and for Broward County, Florida, for Grand Theft in the Third Degree, in violation of Florida Statute 812.0142CC, a crime involving moral turpitude, Case #95-20063CF10, and sentenced to Twenty-Eight (28) months imprisonment to be served concurrently with Case #'s 93-1007CF10A, 94-13872CF10, and 94-12924CF10.

STATUTES (cont'd):

Section 212(a)(2)(C) of the Immigration and Nationality Act, as amended, in that a consular or immigration officer knows or has reason to believe you are an alien who is or has been an illicit trafficker in any controlled substance or who is or has been a knowing assister, abbettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance.

| Signature | Title Eileen Convy/ Assist. District Director-Inv. |
|---|---|

3 of 3    Pages

*U.S. GPO: 1992-342-483/72348

Form I-831 Continuation Page (Rev. 6/12/92)

201

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
515 11TH ST., WEST SUITE 300
BRADENTON, FL 34205-1111

In the Matter of:                    Case No.: A72-845-104
*S-MCKINNEY, ERIC
                                     Docket: BRADENTON COUNTY JAIL

RESPONDENT                           IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the respondent is subject to removal on the charge(s) in the Notice to Appear.

Respondent has made no application for relief from removal.

It is HEREBY ORDERED that the respondent be removed from the United States to BAHAMAS on the charge(s) contained in the Notice to Appear.

If you fail to appear for removal at the time and place ordered by the INS, other than because of exceptional circumstances beyond your control (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances), you will not be eligible for the following forms of relief for a period of ten (10) years after the date you were required to appear for removal:

  (1)  Voluntary departure as provided for in section 240B of the
       Immigration and Nationality Act;
  (2)  Cancellation of removal as provided for in section 240A of the
       Immigration and Nationality Act; and
  (3)  Adjustment of status or change of status as provided for in section
       245, 248 or 249 of the Immigration and Nationality Act.

                                     R. KEVIN MCHUGH
                                     Immigration Judge
                                     Date: Dec 16, 1997

Appeal: WAIVED (A/L/B)
Appeal Due By: Jan 15, 1998

MTV

197

partnership, association, trust, foundation or fund; and includes a group of persons, whether or not incorporated, permanently or temporarily associated together with joint action on any subject or subjects.

(29) The term "outlying possessions of the United States" means American Samoa and Swains Island.

(30) The term "passport" means any travel document issued by competent authority showing the bearer's origin, identity, and nationality if any, which is valid for the admission of the bearer into a foreign country.

(31) The term "permanent" means a relationship of continuing or lasting nature, as distinguished from temporary, but a relationship may be permanent even though it is one that may be dissolved eventually at the instance either of the United States or of the individual, in accordance with law.

(32) The term "profession" shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries.

(33) The term "residence" means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent.

(34) The term "Service" means the Immigration and Naturalization Service of the Department of Justice.

(35) The term "spouse", "wife", or "husband" do not include a spouse, wife, or husband by reason of any marriage ceremony where the contracting parties thereto are not physically present in the presence of each other, unless the marriage shall have been consummated.

(36) The term "State" includes the District of Columbia, Puerto Rico, Guam, and the Virgin Islands of the United States.

(37) The term "totalitarian party" means an organization which advocates the establishment in the United States of a totalitarian dictatorship or totalitarianism. The terms "totalitarian dictatorship" and "totalitarianism" mean and refer to systems of government not representative in fact, characterized by (A) the existence of a single political party, organized on a dictatorial basis, with so close an identity between such party and its policies and the governmental policies of the country in which it exists, that the party and the government constitute an indistinguishable unit, and (B) the forcible suppression of opposition to such party.

(38) The term "United States", except as otherwise specifically herein provided, when used in a geographical sense, means the continental United States, Alaska, Hawaii, Puerto Rico, Guam, and the Virgin Islands of the United States.

(39) The term "unmarried", when used in reference to any individual as of any time, means an individual who at such time is not married, whether or not previously married.

(40) The term "world communism" means a revolutionary movement, the purpose of which is to establish eventually a Communist totalitarian dictatorship in any or all the countries of the world through the medium of an internationally coordinated Communist political movement.

(41) The term "graduates of a medical school" means aliens who have graduated from a medical school or who have qualified to practice medicine in a foreign state, other than such aliens who are of national or international renown in the field of medicine.

(42) The term "refugee" means (A) any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, or (B) in such special circumstances as the President after appropriate consultation (as defined in section 1157(e) of this title) may specify, any person who is within the country of such person's nationality or, in the case of a person having no nationality, within the country in which such person is habitually residing, and who is persecuted or who has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. The term "refugee" does not include any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion. For purposes of determinations under this chapter, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

(43) The term "aggravated felony" means—

  (A) murder, rape, or sexual abuse of a minor;

  (B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18);

36

(C) illicit trafficking in firearms or destructive devices (as defined in section 921 of Title 18) or in explosive materials (as defined in section 841(c) of that title);

(D) an offense described in section 1956 of Title 18 (relating to laundering of monetary instruments) or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000;

(E) an offense described in—
 (i) section 842(h) or (i) of Title 18, or section 844(d), (e), (f), (g), (h), or (i) of that title (relating to explosive materials offenses);
 (ii) section 922(g)(1), (2), (3), (4), or (5), (j), (n), (o), (p), or (r) or 924(b) or (h) of Title 18 (relating to firearms offenses); or
 (iii) section 5861 of Title 26 (relating to firearms offenses);

(F) a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment at[2] least one year;

(G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at[2] least one year;

(H) an offense described in section 875, 876, 877, or 1202 of Title 18 (relating to the demand for or receipt of ransom);

(I) an offense described in section 2251, 2251A, or 2252 of Title 18 (relating to child pornography);

(J) an offense described in section 1962 of Title 18 (relating to racketeer influenced corrupt organizations), or an offense described in section 1084 (if it is a second or subsequent offense) or 1955 of that title (relating to gambling offenses), for which a sentence of one year imprisonment or more may be imposed;

(K) an offense that—
 (i) relates to the owning, controlling, managing, or supervising of a prostitution business;
 (ii) is described in section 2421, 2422, or 2423 of Title 18 (relating to transportation for the purpose of prostitution) if committed for commercial advantage; or
 (iii) is described in section 1581, 1582, 1583, 1584, 1585, or 1588 of Title 18 (relating to peonage, slavery, and involuntary servitude);

(L) an offense described in—
 (i) section 793 (relating to gathering or transmitting national defense information), 798 (relating to disclosure of classified information), 2153 (relating to sabotage) or 2381 or 2382 (relating to treason) of Title 18;
 (ii) section 421 of Title 50 (relating to protecting the identity of undercover intelligence agents); or
 (iii) section 421 of Title 50 (relating to protecting the identity of undercover agents);

(M) an offense that—
 (i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or
 (ii) is described in section 7201 of Title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000;

(N) an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter[3]

(O) an offense described in section 1325(a) or 1326 of this title committed by an alien who was previously deported on the basis of a conviction for an offense described in another subparagraph of this paragraph;

(P) an offense (i) which either is falsely making, forging, counterfeiting, mutilating, or altering a passport or instrument in violation of section 1543 of Title 18, or is described in section 1546(a) of such title (relating to document fraud) and (ii) for which the term of imprisonment is at least 12 months, except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter;

(Q) an offense relating to a failure to appear by a defendant for service of sentence if the underlying offense is punishable by imprisonment for a term of 5 years or more;

(R) an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year;

(S) an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year;

(T) an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed; and

(U) an attempt or conspiracy to commit an offense described in this paragraph.

The term applies to an offense described in this paragraph whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years. Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after September 30, 1996.

conceal, harbor, or shield such alien or encourage or induce his entry. 21 ALR Fed 254.

When is aiding of alien's illegal entry into United States "for gain," so as to be ground for exclusion under § 212(a)(31) of Immigration and Nationality Act (8 U.S.C.A. § 1182(a)(31)) or for deportation under § 241(a)(13) of Immigration and Nationality Act (8 U.S.C.A. § 1251(a)(13)). 77 ALR Fed 56.

### LIBRARY REFERENCES

**American Digest System**

Aliens ⟶56.

**Encyclopedias**

C.J.S. Aliens § 113.

3A Am Jur 2d, Aliens and Citizens §§ 27, 1104, 1799, 1800–1802, 1812–1814, 1820, 1846.

**Law Review and Journal Commentaries**

Alienating sham marriages for tougher immigration penalties: Congress enacts the Marriage Fraud Act. Karen L. Rae, 15 Pepp L. Rev. 181 (1988).

Motion in limine: Trial without jury—A government's weapon against the sanctuary movement. Douglas C. Colbert, 15 Hofstra L.Rev. 5 (Fall 1986).

Sanctuary—A legal privilege or act of civil disobedience? James H. Walsh and Mary Ellen O'Neill, 61 Fla.B.J. 11 (Feb. 1987).

State and local enforcement of the criminal immigration statutes and the preemption doctrine. Comment, 41 U.Miami L.Rev. 999 (1987).

Stranger and afraid: Undocumented workers and federal employment law. Peter Margulies, 38 DePaul L.Rev. 553 (1989).

Streamlining deportation proceedings: self-incrimination, immunity from prosecution, and the duty to testify in a deportation context. Henry J. Watkins, 22 San Diego L. Rev. 1075 (1985).

**Texts and Treatises**

INA Fed Proc L. Ed, Immigration, Naturalization, Nationality, §§ 45:1499, 1500, 1517.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## § 1326. Reentry of removed aliens

[INA § 276]

**(a) In general**

Subject to subsection (b) of this section, any alien who—

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

**(b) Criminal penalties for reentry of certain removed aliens**

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—

(1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both;

(3) who has been excluded from the United States pursuant to section 1225(c) of this title because the alien was excludable under section 1182(a)(3)(B) of this title or who has been removed from the United States pursuant to the provisions of subchapter V of this chapter, and who thereafter, without the permission of the Attorney General, enters the United States, or attempts to do so, shall be fined under Title 18 and imprisoned for a period of 10 years, which sentence shall not run concurrently with any other sentence;" or

(4) who was removed from the United States pursuant to section 1231(a)(4)(B) of this title who thereafter, without the permission of the Attorney General, enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be fined under Title 18, imprisoned for not more than 10 years, or both.

For the purposes of this subsection, the term "removal" includes any agreement in which an alien stipulates to removal during (or not during) a criminal trial under either Federal or State law.

**(c) Reentry of alien deported prior to completion of term of imprisonment**

Any alien deported pursuant to section 1252(h)(2) of this title who enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be incarcerated for the remainder of the sentence of imprisonment which was pending at the time of deportation without any reduction for parole or supervised release. Such alien shall be subject to

359

such other penalties relating to the reentry of deported aliens as may be available under this section or any other provision of law.

**(d) Limitation on collateral attack on underlying deportation order**

In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) of this section unless the alien demonstrates that—

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

(June 27, 1952, c. 477, Title II, ch. 8, § 276, 66 Stat. 229; Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7345(a), 102 Stat. 4471; Nov. 29, 1990, Pub.L. 101–649, Title V, § 543(b)(3), 104 Stat. 5059; Sept. 13, 1994, Pub.L. 103–322, Title XIII, § 130001(b), 108 Stat. 2023; Apr. 24, 1996, Pub.L. 104–132, Title IV, §§ 401(c), 438(b), 441(a), 110 Stat. 1267, 1276, 1279; Sept. 30, 1996, Pub.L. 104–208, Div. C, Title III, §§ 305(b), 308(d)(4)(J), (e)(1)(K), (14)(A), 324(a), (b), 110 Stat. 3009–606, 3009–618, 3009–619, 3009–620, 3009–629.)

¹ So in original. The period probably should be a semicolon
² See References in Text note below

### HISTORICAL AND STATUTORY NOTES

**References in Text**

Section 1252 of this title, referred to in subsec. (a), was amended by Pub.L. 104–208, div. C, title III, § 306(a)(2), Sept. 30, 1996, 110 Stat. 3009–607, and, as so amended, does not contain a subsec. (h). For provisions similar to those formerly contained in section 1252(h)(2) of this title, see section 1231(a)(4) of this title.

**Codifications**

Amendment by section 543(b)(3) of Pub.L. 101–649, directing that "section 276(8 U.S.C. 1326)" be amended, without specifying any subsection designation, has been executed to subsec. (a) of this section as the probable intent of Congress.

**Effective and Applicability Provisions**

1996 Acts. Amendment by sections 305 and 308 of Div. C of Pub.L. 104–208, effective, with certain exceptions and subject to certain transitional rules, on the first day of the first month beginning more than 180 days after Sept. 30, 1996, see section 309 of Div. C of Pub.L. 104–208, set out as a note under section 1101 of this title.

Section 324(c) of Div. C of Pub.L. 104–208 provided that: "The amendment made by subsection (a) [amending this section] shall apply to departures that occurred before, on, or after the date of the enactment of this Act [Sept. 30, 1996], but only with respect to entries (and attempted entries) occurring on or after such date."

Amendment by section 401(c) of Pub.L. 104–132 effective Apr. 24, 1996 and applicable to all aliens without regard to date of entry or attempted entry into United States, see

section 401(f) of Pub.L. 104–132, set out as a note under section 1105a of this title.

Section 441(b) of Pub.L. 104–132 provided that: "The amendment made by subsection (a) [amending this section] shall apply to cases... after the date of enactment of this Act."

1990 Acts. Amendment by Pub.L. 101–649 applicable to actions taken after section 543(c) of Pub.L. 101–649, set out as a note under section 1221 of this title.

1988 Acts. Section 7345(b) of Pub.L. 100–690 provided that: "The amendments made by this section] shall apply to any alien who enters, or is found in, the United States on or after the enactment of this Act [Nov. 18, 1988]."

**Severability of Provisions**

If any provision of Division C... application of such provision to any... is held to be unconstitutional, the remainder of Pub.L. 104–208 and the application of Division C of Pub.L. 104–208 to any... not to be affected thereby, see section 1(e) set out as a note under section 1101 of this title.

**References to Order of Removal Deemed Order of Exclusion and Deportation**

For purposes of this chapter, any... order of removal is deemed to include any order of exclusion and deportation or an order of section 309(d)(2) of Pub.L. 104–208, set out as a Date of 1996 Amendments note under this title.

### CROSS REFERENCES

Definition of the term—

Alien, see 8 USCA § 1101(a)(3).

Attorney General, see 8 USCA § 1101(a).

Entry, see 8 USCA § 1101(a)(13).

United States, see 8 USCA § 1101.

### FEDERAL SENTENCING GUIDELINES

See Federal Sentencing Guidelines §...

### AMERICAN LAW REPORTS

What absence from United States of permanent residence so as to subject to deportation on reentry. 22 ALR3d 749.

Admissibility, in deportation hearing, of evidence obtained by illegal search and seizure. 44 ALR Fed...

Validity and construction of Federal statute (8 USCA § 1546) making fraud and misuse of visa or other entry documents a criminal offense. 3 ALR Fed...

Construction and application of § 203 of Immigration and Nationality Act (8 USCA § 1153(a)(7)) providing for adjustment of visas to aliens who are refugees... entry of refugees. 15 ALR Fed 288.

Validity, construction, and application of Immigration and Nationality Act of 1952 (8 USCA § 1324) making it unlawful to bring to United States aliens not duly admitted or entitled to enter or reside...