IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                Case no. 00-6277-CR

ERIC McKINNEY,
    Defendant.
_____/

**Motion To Withdraw Previously Entered Guilty Plea
Because Defendant Was Not Informed of Immigration Consequences**

    **COMES NOW** Defendant Eric McKinney, by and through his undersigned counsel, and for his Motion states:

    1.    In the instant Indictment, the government alleges that because of a guilty plea in state court on 12/13/95, Defendant McKinney is an "aggravated felon" who should be deported from the U.S.

    2.    However, on information and belief, Defendant McKinney was not properly advised by the state court judge that took the guilty plea, that there could be immigration consequences (e.g. deportation) as a result of said plea.

    3.    Under Florida state law, not advising a defendant of the INS consequences of a guilty plea is grounds for withdrawal of a guilty plea. If his plea were withdrawn, the legal reason by which the government now seeks to deport Mr. McKinney would not exist. If he were allowed to withdraw said guilty plea, and were to contest the state charges, and prevail, it could be that he would not be

deportable (e.g. Mr. McKinney's wife is an U.S. citizen, as is his mother and several siblings).

4. An evidentiary hearing may be necessary to determine whether (1) Defendant McKinney was properly notified of the immigration consequences of his plea, and (2) if he were not so advised, whether he wishes to withdraw said guilty plea.

## ARGUMENT

The conviction upon which the government relies to deport Mr. McKinney, arose in Broward County, Florida. In Peart v. State, 756 So.2d 42 (Fla. 2000), the Florida Supreme Court held that in order for a defendant to establish a prima facie case for relief from a trial judge's failure to inform the defendant of a possible deportation after a guilty plea, the defendant must be threatened with deportation resulting from the plea. This is the exact situation present in the case at bar.

This Peart decision: (1) specifically overruled the decision rendered in Peart v. State, 754 So.2d 723 (4th DCA, 1999), where the 4th District Court of Appeal held that the trial court's failure to orally advise the defendant of immigration consequences of entering a guilty plea did not render the plea involuntary, and (2) specifically affirmed Marriott v. State, 605 So.2d 985 (4th DCA, 1992) which held that the lower court's failure to advise a defendant regarding the immigration

consequences of his plea sufficiently prejudiced him so that he should be permitted to withdraw the plea.

Fl. R. Cr. P. 3.172(c)(8) requires that trial courts advise defendants of the possibility of deportation as a consequence of entering pleas of guilty or nolo contendere; see Peart at 756 So.2d 44.

As a result, this Court can see that the current state of Florida law is such that if Defendant McKinney was not properly advised of the INS consequences of his plea, he can withdraw his plea.

In Thornton v. State, 747 So.2d 439 (4th DCA, 1999) the court held that for a plea to be voluntary, the defendant must be fully advised of the direct consequences of the plea; failure to so advise prohibits a defendant from rendering a truly voluntary and knowledgeable waiver of a constitutional rights inherent in the plea agreement.

The Thornton court also held that the trial court's failure to advise the defendant that she faced a mandatory minimum sentence of 3-years imprisonment if the court chose to sentence her as an adult, rendered the guilty plea involuntary. The same reasoning holds true in regards to Mr. McKinney's plea vis-à-vis the immigration consequences.

Other district courts of appeals have held that a defendant's plea was not intelligent and voluntary without warning of the deportation consequences of the

plea, and that a defendant is prejudiced by not receiving a warning. <u>Perriello v. State</u>, 684 So.2d 258 (4th DCA, 1996); <u>Ascanio v. State</u>, 754 So.2d 749 (2nd DCA, 2000); <u>De Abreu v. State</u>, 593 So.2d 233 (1st DCA, 1992).

At a minimum, an evidentiary hearing should be held to determine whether or not Mr. McKinney was fully advised of the deportation consequences of his guilty plea in the subject Broward county case. Many state court judges at that time, were not fully aware themselves of the deportation consequences of a guilty plea in state court, and were not so advising defendants.

Respectfully submitted,

_____
Michael Hursey, Esq.
Counsel for Defendant McKinney
305 South Andrews Ave., Suite 800
Ft. Lauderdale, FL 33301
Telephone: 954-779-1880
Facsimile: 954-779-7980

### CERTIFICATE OF SERVICE

I certify that a true copy of this Motion was furnished by U.S. Mail to Robin Rosenbaum, Esq., United States Attorney's Office, 500 E. Broward Blvd., Ft. Lauderdale, FL, 33301 this ____ day of February, 2001.

_____
Michael Hursey
Fla. Bar No. 457698