UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

MAR 0 5 2001

Case No. 00-6277-CR-HURLEY

CLERK, USDC / SDFL / WPB

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
vs.                              )
                                 )
ERIC McKINNEY,                   )
                                 )
            Defendant.           )
_____)

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO WITHDRAW PREVIOUSLY ENTERED GUILTY PLEA

The United States of America, by and through undersigned counsel, opposes Defendant's Motion to Withdraw Previously Entered Guilty Plea Because Defendant Was Not Informed of Immigration Consequences. The reasons for this opposition are stated below:

1. The United States respectfully submits that this Court does not have jurisdiction in the above-captioned case to order withdrawal of defendant's guilty plea in the state court case in which defendant seeks to withdraw his plea.

2. Even if this Court could in this case order withdrawal of the defendant's guilty plea in the state court case, defendant has failed to meet his burden of demonstrating that the plea was not a knowing and voluntary plea. Defendant has presented no evidence and proceeds only "on information and belief." Defendant's Motion at 1, paragraph 2.

3. Even if defendant could establish jurisdiction and meet his burden of demonstrating that the December 13, 1995, plea was not knowing and voluntary, his motion now to withdraw that plea is untimely. Defendant was deported from the United States on December 17, 1997. At that time,



he was advised in writing that he was prohibited from entering, attempting to enter, or being in the United States "[a]t any time because [he had] been found inadmissible or excludable under section 212 of the [Immigration and Nationality] Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, **and [he had] been convicted of a crime designated as an aggravated felony**." (emphasis added). Had defendant in fact been unaware of the immigration consequences of his December 13, 1995, guilty plea in state court prior to his deportation, the consequences obviously became patently clear at least by December 17, 1997, when defendant was deported after his aggravated felony conviction. If defendant truly had concerns about the voluntariness of his guilty plea on December 13, 1995, he could have and should have expressed his complaints certainly by the time of his deportation. It is now more than six years after defendant's challenged guilty plea and four years after his deportation following that guilty plea. Moreover, defendant was convicted on August 5, 1999, in the 17th Judicial Circuit Court in and for Broward County, Florida, for the offense of possession of cocaine, another aggravated felony. Thus, defendant was plainly in the United States (in defiance of the deportation order and warnings) for more than a year and did not seek to withdraw his December 15, 1995, guilty plea upon his (illegal) return to the United States, either. Quite simply, defendant's attempts to withdraw his plea now are untimely.

4. Even if defendant could establish jurisdiction, meet his burden of demonstrating that the December 13, 1995, plea was not knowing and voluntary, and establish the timeliness of his attempt to withdraw his guilty plea, it would make no difference to the outcome of this case. Defendant was also convicted on October 24, 1994, in the 17th Judicial Circuit Court in and for Broward County, Florida, for the offense of delivery of cocaine and carrying a concealed weapon (firearm), and for

possession of cocaine and tampering with evidence. These convictions, which, like the one at issue,

are for aggravated felonies, also occurred before the defendant was deported from the United States.

Consequently, they can serve equally as well as the predicate aggravated felony conviction alleged

in the Indictment as a basis for the crime alleged in the Indictment.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY


By: _Robin S. Rosenbaum_

Robin S. Rosenbaum
Assistant United States Attorney
Florida Bar No. 908223
500 E. Broward Blvd.
Suite 700
Fort Lauderdale, FL 33394
Tel: (954) 356-7255 ext. 3595
Fax: (954) 356-7336


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by first-class

United States mail, postage prepaid, this 5th day of March, 2001, to Michael Hursey, Esq., 305 S.

Andrews Ave., Suite 800, Fort Lauderdale, Florida 33301.

_Robin S. Rosenbaum_

Robin S. Rosenbaum
Assistant United States Attorney

-3-