UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6277-CR-HURLEY (PAINE)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ERIC McKINNEY,

    Defendant.

_____/

## DEFENDANT'S 5K2.0 MOTION FOR DOWNWARD DEPARTURE FROM THE SENTENCING GUIDELINES

COMES NOW the Defendant, ERIC McKINNEY, by and through the undersigned counsel, and pursuant to 18 United States Code Section 3553(b) and Koon vs. United States, 518 U.S. 81 (1996), hereby moves for a downward departure on the grounds that there are mitigating circumstances in the above-captioned case not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that prescribed in the guidelines, and as grounds therefore would state as follows:

1.    The Defendant has plead guilty and accepted responsibility for the offense of illegal reentry after criminal deportation.

2.   The mitigating circumstance in this case not adequately taken into consideration by the Sentencing Guidelines is the fact that all of the Defendant's family, including his mother, siblings, wife and children reside in the United States and were United States citizens at the time he was ordered deported to the Bahamas. Although a citizen of the Bahamas, the Defendant has no ties to that island other than an alcoholic and abusive father with whom the Defendant no longer has any contact with. The Defendant's mother advised the United States Probation Officer that the Defendant's father was in fact alcoholic and abusive.

3.   Thus, the Defendant, although not a United States citizen, was raised in this community, worked in this community, married in this community, and for all practical purposes was a member of this community despite his run-ins with the law. When ordered deported to the Bahamas, the Defendant was without money, support or family structure necessary to begin his life over again. Although he violated the law when he returned to the United States, he did so because the only human bonds he had left in this world were here in South Florida, which were his wife, children, mother and brothers.

4.   The criminal conduct which forms the basis of the Defendant's criminal history, which resulted in the deportation, took place when the Defendant was between the ages of 18 and 23. Prior to that time, his family was without the means to hire an immigration lawyer to adjust the Defendant's immigration status. The

Sentencing Commission in drafting the guidelines for this particular offense focuses on the criminal behavior that resulted in deportation in the first instance. The Defendant is already being punished severely under the guidelines for his criminal past. As a result of the Defendant's criminal history and the aggravated nature of the felony for which he was deported, his guideline range presently is between 77 and 96 months, an astronomical amount of time for the mere act of an illegal reentry without further criminal conduct.

5.    Certainly, the Sentencing Commission did not consider the unique situation described herein. The Defendant committed these offenses in his youth, was raised in the country as an alien by family who are United States citizens, has a United States citizen wife, and has no ties to his native country, other than an alcoholic and abusive father that has dropped out of the picture. Moreover, the Defendant's children, wife, mother and brothers are the only human bonds the Defendant has and are all located in South Florida. These individuals given their economic hardship did not have the ability to relocate with the Defendant.

6.   Given that there was no criminal activity after the Defendant returned to the United States, and further that the Defendant in an effort to show his deep remorse cooperated with several law enforcement agencies post arrest, including the DEA, United States Marshal Service and the Immigration and Naturalization Service, he deserves special consideration for his extraordinary acceptance of

3

responsibility and assistance. Although the cooperation rendered did not rise to the level that would trigger the government's filing of a 5K1.1 motion for substantial assistance, the Court nonetheless should consider the Defendant's cooperation as it relates to the equities in the instant Motion for Downward Departure.

7.  This case is truly unique since the Defendant was essentially raised as a United States citizen by a United States citizen extended family and found himself deported to a country that he does not know and where he was without friends and family. It is understandable how someone in the Defendant's situation would look to the only human bonds he knows to survive. The tragedy of the situation is that had the Defendant's family been able hire an immigration attorney to adjust his immigration status as a young man, he would not be in the situation he now finds himself in, and this is an additional factor that the Court should consider in granting this Motion for Downward Departure

WHEREFORE, it is respectfully requested that this Court enter an order departing from the guideline range in the above-captioned case and giving a sentence in the Court's discretion that punishes yet recognizes the unique factors of the Defendant's case due to the fact that he had nowhere else to go and no one that he could turn to in a foreign land.

Respectfully submitted,

McKENNA & OBRONT
Attorneys for Defendant
Florida Bar No. 348481
2940 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Phone: (305) 373-1040
Fax:    (305) 373-2040

By: _____
PAUL A. McKENNA, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed/mailed this 9th day of October, 2001 to Jeffrey Kay, Assistant U.S. Attorney, 500 E. Broward Boulevard, Room 700, Fort Lauderdale, Florida 33301 and Sheila Tierney, U.S. Probation Officer, 501 S. Flagler Drive, #400, W. Palm Beach, Florida 33401.

_____
PAUL A. McKENNA, ESQ.